## EX PARTE ROSA.

APPEAL from the District Court of Mayagüez.

No. 22.—Decided December 24, 1904.

OWNERSHIP.—A property owner holding a public instrument in his favor, showing his ownership of real estate, cannot avail himself, for the purpose of proving such ownership, of the proceeding provided for by article 395 of the Mortgage Law, which proceeding may be prosecuted only by persons who are without a written title of ownership.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the former District Court of Mayagüez, by Attorney Herbert E. Smith, on behalf of Ana Rosa y Cintrón, for the purpose of obtaining a declaration of ownership (dominion title) of a rural estate, which case is pending before us on an appeal taken by the petitioner, from the judgment rendered by the aforesaid district court, which reads as follows:

"Mayaguez, January 11, 1904.—This proceeding was instituted by Attorney Herbert E. Smith on behalf of Ana Rosa y Cintrón, a widow, of legal age, and a resident of this city, for the purpose of establishing her ownership of a rural estate planted to coffee and pasture and having some underbrush and a part of a stone quarry, the said estate being composed of 40 *cuerdas* of land, more or less, with a small frame house, in bad condition, situated in *barrio* Guanajibo, within this municipality. Said property is bounded on the north by lands belonging to the Estate of Enma Vélez, formerly López Bayron and Francisco Torres; on the east by lands belonging to Celestino Olivencia, Félix Cruz, Estate of Esteban Nadal, Segundo Castillo and Fernando Vázquez; on the south by lands belonging to Juan Rosas, formerly Roque Nadal, and other lands owned by Nicolás Caballero; and on the west by lands belonging to Juan Rosas, formerly López Bayron, and others owned by the Estate of Laborde; said property being divided by the Hondo River, which crosses it from west to east. The above-described estate is not burdened by any incumbrance whatsoever, and is valued at $760, including the house. According to the

accompanying certificate of the Treasurer, the property appears as measuring 43 *cuerdas,* but in reality it has only 40, as stated above. The petitioner acquired said estate by inheritance from her deceased husband, Juan Andrés Bordonave, whose sole and universal heir she was declared to be, as shown by the certificate which is also attached hereto. Said Bordonave acquired the property by the purchase of 25 *cuerdas,* more or less, from Juan Ramón Muñiz and 7½ *cuerdas* from Domingo Rosas, the remaining 7½ *cuerdas* having been purchased by the petitioner from Francisco Silva. The petitioner has no recordable written title of ownership to the above-described property.

"After hearing the opinion of the representative of the office of the Attorney General, proceedings were commenced for the purpose of obtaining the declaration of ownership (dominion title) sought, and notices were published in two local dailies, which were inserted three times during sixty natural days. Persons claiming to have any property right in said estate and for the unknown parties whom the desired record might prejudice were notified thereby. Summonses were served upon the former owners of the property, namely, León Muñiz, as sole heir of his legitimate father, Ramón Muñiz; Candelaria and Dominga Rosa, as heirs of Domingo Rosas, and Antonio Silva, as a member of the Estate of Francisco Silva.

"The witnesses Emilio Derieux y Abraham, Segundo Castillo y Hernández and Ceferino del Río y Rivera, whom the secretary certified were known to him, testified that they knew of their own knowledge that all the facts set forth in the petition were true, and gave reasons for their statements.

"Within the period of sixty days allowed for the publication of the said notices, Juan Rosas appeared and opposed the declaration of ownership (dominion title) as being prejudicial to him, inasmuch as he was a creditor of Andrés Bordonave, the petitioner's predecessor in interest. He proposed as· evidence the following documents: A petition dated December 3, 1900, filed by Eduardo Bado with the court, requesting a declaration of ownership of this property; a certificate of the marriage of Andrés Bordonave to Ana Rosa; a deed of sale· executed by Dominga Rosa in favor of Bordonave; another deed of sale executed by Juan Ramón Muñiz in favor of said Bordonave; another by Manuel Colón in favor of Francisco Silva; another by Manuel Feliciano in favor of said Bordonave; an opinion of the Attorney General against the declaration of ownership requested by Bado, and a certificate of the decision denying said request. He prayed that the .application of the petitioner Rosa be likewise denied at the proper time,

inasmuch as there existed a written title of ownership, said application being therefore contrary to the provision of article 395 of the Mortgage Law.

"The appearance of Juan Rosa in opposition to the proceedings having been entered, notice of said opposition was duly served upon the other parties, in order that the proper allegations might be made and the evidence proposed taken with citation of the adverse parties. The proposed certificates referring to the particulars mentioned in the foregoing finding of fact having been filed with the record, the opposition was answered by counsel for the petitioner, who contested the same and proposed the following evidence: Attestations of the certificates of the mayor and of the registrar of property of this city, which appear in the record of proceedings instituted by Eduardo Bado; a certificate of the judgment rendered by the municipal judge of this city in the civil suit instituted by Juan Rosas against Ana Rosas for the recovery of a sum of money, which documents were included in a single certificate. He furthermore requested that Juan Rosas be summoned to testify under an indecisive oath in reply to questions that would be put to him, the evidence to him, the evidence to be taken after citation of the district attorney, and finally prayed that the opposition be overruled.

"Said evidence having been admitted and the adverse party cited, Juan Rosas was summoned to testify, which he did on the day set for the purpose. To questions propounded by Attorney Herbert E. Smith he stated that he lived in *barrio* Guanajibo, of this city, and knew Ana Rosas, who is his aunt and lives near him, and that the Bordonave lands adjoin his; that the latter, who is dead, had been married to Ana Rosas, from which marriage there had been no issue; that said Bordonave owned in said *barrio* from 29 to 30 *cuerdas* of land, but he was not aware that Ana owned any in that locality; that it is true that the latter had filed a deed wherein it appears that she owned 7½ *cuerdas* in *barrio* Guanajibo, but said land was sold to Andrés by Domingo Rosas, as stated in the deed, the date whereof he does not know, but the same should appear upon the record; that the sale was effected under the stipulations contained in the deed filed with the record; that Domingo Rosas had not sold to the witness the 7½ *cuerdas* of land referred to in the question; that the 7½ *cuerdas* now the property of the witness he had acquired by purchase from José López Bayron; that he does not know whether the aforesaid 7½ *cuerdas* formed part of the 22½ *cuerdas* sold to the minor children of Rosas by the Vélez brothers; that the lands formerly owned by Bor-

donave are now in the possession of his widow, and he could not say how long they had been held by the deceased; that he does not know whether the boundaries described in the deeds are now correct; that he does not know whether Bordonave or his widow had conveyed portions of these lands subsequently to the execution of the deeds, which he has read, but whose text he does not now remember; that it is not true that Ana paid taxes for the estate, said taxes having up to this time been paid by the witness for a number of *cuerdas* amounting to from 29 to 30; that until two or three years ago the Bordonave lands, consisting of 29 *cuerdas,* had been entered in his name, they being subsequently grouped with those belonging to him, making a total of 40 *cuerdas* entered in his name, for all of which he paid the taxes; that aforesaid grouping was made because Bordonave had appointed him his representative *in voce* before witnesses who are specified in the minutes referring to this declaration, several of whom are adjoining landowners; and that it is true that he had sued Ana Rosa in the municipal court for a sum of money Bordonave owed him; that he had sued Ana Rosa only once for the debt above referred to, although on a previous occasion he had brought an action against her, which suit, however, had nothing to do with the latter one; that he does not know what was the result of the first suit, nor can he recall the subject-matter thereof, but the last case is pending before this court on appeal taken by the witness; that his opposition to these proceedings is based upon various credits held by him against the Estate of Bordonave, according to documentary and oral evidence submitted by him in the last of the cases mentioned, and that the right of action exercised by him in the first suit was not based upon the same documents presented in the last.

''Upon consulting the district attorney the latter sees no objection to the court's denying the declaration applied for, and, as to the opposition filed, he is of opinion that the same should be dismissed, inasmuch as the opponent is not included among the persons comprised under paragraph 2, section 395 (of the Mortgage Law), for he is not a joint owner of the estate, and, according to his own confession, he has no property right therein; said district attorney believing further that the granting of a dominion title to the property, instead of prejudicing, would rather benefit him, since he would be placed in a better condition to exercise his right of action against the property belonging to the Estate.

''In the conduct of these proceedings the formalities established by law have been observed.

"From the evidence taken it appears that the application for a declaration of ownership made by Ana Rosa y Cintrón has been previously decided adversely.

"No person can lawfully disregard decisions of the court which have become *res judicata*.

"If a judgment were rendered in these proceedings modifying the previous one rendered by this same court, such judgment would manifestly violate the final and unchangeable character of all decisions finally disposing of a case, and which, having been accepted by the parties, the matters in dispute become *res judicata*.

"Considering, moreover, the provisions of article 395 of the Mortgage Law in force, the declaration of ownership applied for by Ana Rosa Cintrón is denied. Concurred in and signed by the judges of the court, to which I certify. Arturo Aponte, J. A. Erwin, Enrique González Darder, Juan Arroyo Mestre."

From the foregoing judgment counsel for the petitioner took an appeal which was allowed both for review and stay of proceedings. The record was forwarded to this Supreme Court, after citation of the parties, and, the appellant having appeared, the appeal was conducted under the proper procedure. A day was set for the hearing which was attended by Attorney José Hernández Usera in representation of Ana Rosa Cintrón, and the *fiscal* of this Supreme Court, who opposed the appeal.

*Messrs. Smith* and *Hernández Usera,* for appellant.

*Mr. Rossy, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after making the foregoing statement of facts, delivered the following opinion of the court:

The findings of fact contained in the judgment appealed from are accepted.

By. Article 395 of the Mortgage Law of this Island, only persons in possession who have no written title of ownership may resort to supplementary judicial proceedings for the purpose of establishing their ownership of real property; and inasmuch as this is not the case with the petitioner Ana Rosa Cintrón, who, as appears from the record, has at her disposal

the titles of ownership of her deceased husband and prede-cessor in interest, Andrés Bordonave, to part of the lands constituting the subject-matter of these proceedings, the de-claration of ownership or dominion title herein sought will be denied.

In view of aforesaid article of the Mortgage Law in force in this Island, we adjudge that we should sustain, and do sus-tain, the judgment appealed from, and accordingly dismiss the petition filed in the proceeding to establish ownership by Ana Rosa Cintrón, with costs against the appellant.

Justices Hernández, Figueras, MacLeary, and Wolf concurred.